IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA L. GONZALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-86-GKF-TLW |
| | ) | |
| J.C. PENNEY CORPORATION, INC., | ) | |
| a Foreign for Profit Business Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Motion for New Trial [Dkt. #29] filed by plaintiff, Rebecca L. Gonzales ("Gonzales"). Gonzales seeks reconsideration of the court's order of April 29, 2013 [Dkt. #26] granting in part the Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay All Proceedings [Dkt. ##11-12] filed by defendant J.C. Penney Corporation, Inc. ("JCP"). In that order, the court found the parties had signed a binding arbitration agreement that required arbitration of plaintiff's claims.

Plaintiff seeks reconsideration, arguing: (1) the affidavits in support of JCP's motion were signed by JCP employees who lacked personal or first-hand knowledge of the actual events; (2) the order mischaracterized facts in Gonzales' affidavits or placed undue emphasis on a small portion of one affidavit while ignoring other important testimony also contained therein; (3) the court erred in finding that the arbitration agreement enforceable because JCP's ability to amend the agreement was not unfettered; and (4) the provision allowing JCP a unilateral right to amend was at the very least, ambiguous, and ambiguities must be construed against JCP.

1

## I. Standard of Review

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)).  A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)).  In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate.  *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1.  Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered.  *Maul,* 2006 WL 3447629, at *1.

## II. Analysis

### A. JCP Affidavits

In support of its motion to compel arbitration, JCP submitted affidavits of Bret J. Romero, JCP's Director of Human Resources, and Kelley Perry, an Application Analyst for JCP. [Dkt. #11, Ex. A, Romero Affid.; Dkt. #17, Ex. 1, Perry Affid.].  The affidavits described the process employees go through to fill out paperwork such as I-9 and W-4 forms, enroll for direct deposit and benefits and receive an employee identification number.  They establish that during the new hire process, Gonzales was required to sequentially complete a task list which included

completing a W-4, electronically signing and agreeing to the arbitration agreement at issue, providing emergency contacts and signing various acknowledgments.

Plaintiff argues that the affidavits were not admissible because neither Romero nor Perry has first-hand knowledge of the events and process she went through upon being hired in Tulsa. The court rejects this argument. The affiants have personal knowledge of the new hire process, which involves entry of information and the employee's electronic signature on an employee kiosk. Perry stated that the process requires employees to sequentially complete a task list and each task on the task list must be completed before the new hire process was complete and the employee was allowed to work. JCP's records indicate that Gonzales completed each of the tasks, including electronically signing the Binding Arbitration Agreement.

### B. Gonzales Affidavits

Gonzales submitted two affidavits concerning her new hire experience. Based on its review of the affidavits, the court concluded that "Gonzales admits going through the new hire process, including *electronically* filling out other forms at a terminal" and "[a]lthough Gonzales denies the terminal was a 'kiosk,' her affidavit establishes that she completed new hire forms electronically on a device she described as a 'Time Clock [with] a key pad." [Dkt. #26 at 6]. The court based this conclusion, in part, on the following statement by Gonzales in her first affidavit:

> 7. I remember filling out *paper work* once hired for a 401K, tax information, contact information, relative contact information and medical stuff, but, not the documents attached here titled "Binding Mandatory Arbitration Agreement" by paper or computer.

[Dkt. #15, Ex. A, Gonzales Affid. (emphasis added)]. The court interpreted the term "paper work" to be a generic reference to completion of forms, whether electronic or paper. Based on its understanding of the term "paper work" and on Gonzales' admission that she entered

information in a kiosk or "time clock with a key pad," the court concluded Gonzales had admitted she signed various forms electronically.

Gonzales now asserts that those forms were actually paper forms and the *only* information she entered electronically was her social security number. The clarification by Gonzales establishes a material issue of fact about whether she signed the arbitration agreement. Therefore, a hearing must be conducted to resolve whether Gonzales signed the agreement.

### C. Enforceability of Arbitration Agreement

The court found that the arbitration agreement was enforceable because, although it gave JCP the right to amend the agreement, the right was not "unfettered." [Dkt. #26 at 8]. Gonzales argues the court erred because, in order to be enforceable, the agreement must contain language requiring JCP to give notice of changes to employees.

The court disagrees. Under Oklahoma law, "reasonable modification provisions are permissible" and "an arbitration agreement allowing a defendant company the unilateral right to modify or terminate the agreement is not illusory so long as reasonable restrictions are placed on the right." *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 479 (10th Cir. 2006) (citing *Wilson v. Gifford-Hill & Co., Inc.*, 570 P.2d 624, 626 (Okla. Civ. App. 1977); *Pierce v. Kellogg, Brown & Root, Inc.*, 245 F.Supp.2d 1212, 1215 (E.D. Okla. 2003)). Neither *Hardin* nor the cases it cites explicitly require that a modification provision include a notice provision in order to be considered "reasonable," although the provisions at issue in those cases *did* have notice requirements. In any event, though, Rule 21 provides, "Amendments only apply to cases commenced 90 days after publication of the amendment." The requirement that changes be published, the exclusion of application of changes to cases filed less than 90 days after publication, the restriction of amendments to clarify the rule or correct typographical errors or to

amend or delete parts of the rule to conform with a court's or arbitrator's decision deeming it unenforceable, in combination render the modification provision "reasonable."

Gonzalez also argues the term "clarify" renders Rule 21 unenforceably vague. The court rejects this argument. "Clarify" is defined as "to make understandable" or "to free of confusion." *Merriam-Webster Dictionary.* Based on this definition, an amendment to "clarify" would be restricted to an amendment that makes a provision already in the rule more understandable.

### III. Conclusion

For the reasons set forth above, plaintiff's Motion for New Trial [Dkt. #29] is granted in part and denied in part. The motion is granted with respect to the issue of whether plaintiff signed the arbitration agreement. An evidentiary hearing on that issue is set for October 17, 2013, at 3:30 p.m.. The motion is denied with respect to the remaining grounds alleged y plaintiff.

ENTERED this 8th day of July, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT